UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHGATE WEST CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT<br><br>JURY DEMAND |

Plaintiff Northgate West Condominium Association (the "Association") alleges as follows:

## I. INTRODUCTION

1.1 This is an action for declaratory judgment and money damages, seeking:

(A) A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association and money damages.

(B) For money damages in an amount to be proven at trial.

(C) Attorneys' fees (including expert witness fees) and costs.

(D) For CPA Penalties of up to $25,000 per violation.

(E) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

2.1 The Association. The Association is a nonprofit corporation organized under the laws of the State of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Northgate West condominium complex consisting of 72 units located at 11300 1st Ave NE 98125 (the "Project") for the common enjoyment of the unit owners.

2.2 State Farm. State Farm Fire & Casualty Company ("State Farm") is incorporated in Illinois with its principle place of business located in Bloomington, Illinois. State Farm is registered and authorized to sell insurance in the State of Washington. State Farm sold insurance policies to the Association including Policy No. 98-74-4384-1; and policy No. 98-63-4976. With respect to Policy No. 98-74-4384-1, the Association is only pursuing the State Farm policies in effect from April 15, 1987 to April 15, 1990. On information and belief Policy No. 98-63-4976 was in effect from 1983 and prior. The Association is seeking coverage under all policies issued under State Farm policy No. 98-63-4976. The State Farm policies identify the Northgate West Condominium complex as covered property.

2.3 Doe Insurance Companies 1-10. Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Northgate West Condominium complex as covered property.

2.4 Northgate West Insurers. State Farm and Doe Insurance Companies 1-10 shall be collectively referred to as the "Northgate West Insurers."

2.5 Northgate West Policies. The policies issued to the Association by the Northgate West Insurers shall be collectively referred to as the "Northgate West Policies."

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

3.2 Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Northgate West Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim including the breach of contract occurred in King County; and the insured condominium building is located in King County.

## IV. FACTS

4.1 Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2 Tender to State Farm. On February 16, 2018 the Association's expert Evolution Architects ("Evolution") issued a Findings Reports to the Association. Evolution's Findings Report detailed the results of an intrusive investigation which involved making 6 openings in the building envelope primarily at the exterior walls at Northgate West. Evolution Architects found hidden damage at 100 percent of the openings. On March 26, 2018 the Association submitted a claim for hidden damage to State Farm. On November 5-7, 2018, the Association and its historical insurance carriers including State Farm conducted a joint intrusive investigation at Northgate West which involved making over 20 openings in the building envelope. From the results of the investigation, Evolution Architects determined there was systemic hidden damage throughout the condominium complex and that hidden damage occurred incrementally and progressively each year from 1979 to present day. The Association understands from its experts that the cost to repair the covered hidden damage at Northgate West is well over the jurisdictional limit of $75,000.

4.3 State Farm's Coverage Determination And Bad Faith Coverage Determination. As part of its claim submission to State Farm, the Association provided secondary evidence of insurance including a declaration page which evidenced which State Farm policy forms were in effect from April 15, 1987 to April 15, 1990. State Farm could have easily recreated the State Farm policies in effect from April 15, 1987 to April 15, 1990 from the information provided by the Association and completed an investigation for coverage under these policies. Instead, in its January 29, 2019 denial letter State Farm claimed that "State Farm has not located any records for policies located to

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

the Association from inception in 1987 to April 15, 1990. As such we were not able to evaluate whether the loss is covered under the policy terms between 1987 and 1990." On information and belief, State Farm refused to examine coverage under the policy forms from 1987-1990 and denied their existence because such forms are more favorable to the Association then State Farm policy forms issued in subsequent years. State Farm also refused to search for policy No. 98-63-4976 even though the Association submitted claims to State Farm under all State Farm policies issued to the Northgate West Condominium complex.

## V. FIRST CLAIM:

## DECLARATORY RELIEF THAT THE NORTHGATE WEST POLICIES PROVIDE COVERAGE

5.1 Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.3 above, as if fully set forth herein.

5.2 Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Northgate West Insurers regarding the interpretation of its policies. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

a. The Northgate West policies cover the hidden damage to building paper, exterior sheathing, and framing at the Northgate West Condominium Complex.

b. No exclusions, conditions, or limitations bar coverage under the Northgate West policies.

c. On information and belief the loss or damage to the Northgate West Condominium complex was incremental and progressive. New damage commenced during each year of the Northgate West policies.

d. The Northgate West policies cover the cost of investigating and repairing the building paper, exterior sheathing, and framing at the Northgate West Condominium Complex.

## VI. SECOND CLAIM:

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

**AGAINST STATE FARM FOR BREACH OF CONTRACT**

6.1 Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2 State Farm has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Northgate West buildings.

6.3 State Farm breached its contractual duties by denying coverage and by failing to pay the cost of investigating and repairing the covered damage to the Northgate West buildings.

6.4 As a direct and proximate result of State Farm's breaches of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5 Additional Damages. As a direct and proximate result of State Farm's breach of its insurance contract, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

**VII. THIRD CLAIM:**

**AGAINST STATE FARM FOR BAD FAITH**

7.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2 A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. State Farm violated Washington claim handling standards by, among other things:

- Failing to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented;

- Failing to investigate thoroughly and promptly all claims of lost policies. Failing to provide all facts known or discovered during an investigation concerning the issuance and terms of a policy, including copies of documents establishing such facts, to an insured claiming coverage under a lost policy;

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

- Failing to cooperate with the Association in the investigation of policies missing from 1987-1990; and 1983 and prior including failing to provide facts known or discovered during an investigation;
- Failing to provide the Association with an accurate copy or reconstruction of the policy or the portions of the policy located;
- Failure to provide copies of all insurance policy forms potentially applicable to the Association's claim;
- Failing to adopt and implement reasonable standards for the prompt investigation of the Association's claim;
- Misrepresenting pertinent facts or insurance policy provisions;
- Refusing to pay claims without conducting a reasonable investigation;
- Failing to construe ambiguities in facts, law, or policy language in favor of coverage;
- Refusing to pay the Association's claims without conducting a reasonable investigation;
- Failing to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on State Farm's interests;
- Failing to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

7.3 The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470, 78 P.3d 1266 (2003).

7.4 The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having reasonable justification, fails to act in

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

good faith. *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998) (property insurer may be liable for bad faith investigation into coverage issues even if coverage was properly denied); *Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 907, 792 P.2d 520 (1990).

7.5 A violation, if any, of one or more of the following Washington claim handling standards described in paragraphs 7.2 above is a breach of the duty of good faith.

7.6 State Farm breached its duty of good faith to the Association by unreasonably failing to acknowledge the existence of State Farm policies issued to the Association from 1987-1990; failure to acknowledge coverage provided by the State Farm policies issued to the Association from 1987 to 1990; refusing to reconstruct the State Farm policies from 1987 to 1990; refusing to provide the Association with the pertinent coverage forms in effect from 1987 to 1990; claiming that it was unable to determine anything about the coverage of the State Farm policies from 1987 to 1990; and denying coverage without a reasonable justification. State Farm also refused to investigate and determine coverage under State Farms policies issued 1983 and prior.

7.7 As a direct and proximate result of these breaches of its duties of good faith the Association has been damaged in an amount to be proven at trial.

## VIII. FOURTH CLAIM: AGAINST STATE FARM FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2 Violations of WAC claims handling standards are per se CPA violations. State Farm's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of State Farm's CPA violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX. PRAYER FOR RELIEF

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

WHEREFORE, the Association prays for judgment as follows:

9.1 Declaratory Judgment Regarding Coverage. A declaratory judgment that the Northgate West Policies provide coverage as described herein and for money damages.

9.2 Money Damages. For money damages in an amount to be proven at trial.

9.3 Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4 CPA Penalties. For CPA Penalties of up to $25,000 per violation.

9.5 Other Relief. For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 4th day of March, 2019.

STEIN, SUDWEEKS & STEIN, PLLC

*/s/Jerry Stein*
Jerry Stein, WSBA No. 27721
*/s/Justin D. Sudweeks*
Justin D. Sudweeks, WSBA No. 28755
*/s/Daniel Stein*
Daniel Stein, WSBA No. 48739
*/s/Jessica Burns*
Jessica Burns, WSBA No. 49852
2701 First Ave., Suite 430
Seattle, WA 98121
Phone: (206) 388-0660
Email: jstein@condodefects.com
justin@condodefects.com
dstein@condodefects.com
jessica@condodefects.com

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREA CH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PRITECTION ACT, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660